ORDER ON MOTION TO COMPEL COMPLETION OF APPELLATE RECORD
ALTENBERND, Judge.
The Appellant, M.H., has filed a motion to compel completion of appellate record. Her rights to her six children were terminated by the circuit court in a final order entered on January 7, 2008. The six children are in foster care awaiting adoption if the order on appeal is affirmed. We have an obligation to expedite this appeal. See Fla. R.App. P. 9.146(g). Under normal circumstances, we would be nearly finished with the appellate process in this case.
M.H. is represented by the Office of Regional Counsel. Regional Counsel takes the position that the Twelfth Circuit Digital Court Recording Office is required to provide a transcript. The Digital Recording Office has provided a CD of the digitally recorded proceedings and has taken the position that it has no responsibility to retain or pay for an official court reporter to prepare the transcript. This dispute is merely the newest version of a disagreement that has delayed appeals from the Twelfth Judicial Circuit in the past. See Moorman v. Hatfield, 958 So.2d 396 (Fla. 2d DCA 2007); A.L. v. State, 983 So.2d 597 (Fla. 2d DCA 2007). This time the dispute affects both the constitutional rights of the mother and the permanency of six children in the dependency system. See § 39.621, Fla. Stat. (2007) (“Time is of the essence for children in the dependency system.”).
The administrative order of the Twelfth Judicial Circuit, which was revised in December 2007, addresses this issue by stating:
PROCEDURE FOR DESIGNATION TO COURT
REPORTER IN ALL NON-FELONY and NON-JUVENILE DELINQUENCY
APPELLATE CASES ELECTRONICALLY
OR DIGITALLY RECORDED BY DCR OFFICE
OR CONTRACTUAL VIDEOGRA-PHER
When a Notice of Appeal is filed and transcripts need to be obtained, the Designation to Court Reporter/Recorder/ Transcriptionist shall not be sent to the contractual videographer, Court Administration or the DCR Office. As stated above, the DCR Office is unable to provide written transcripts. Upon receipt of a completed Audio Request Form and payment, if applicable, the DCR Office will provide an audio copy of the court proceeding on a compact disc which may be transcribed by a court reporter as set forth in Rule 9.200(b), Florida Rules of Appellate Procedure. If the request is for a DeSoto County case which oc *1070 curred prior to February 2, 2006, Court Administration will provide a video of the requested court proceeding on a VHS tape.
All Designations to Court Reporter/Recorder/ Transcriptionist and Acknowledgments of Court Reporter/ Recorder/Transcriptionist shall be sent by the Appellant and/or Appellee to the court reporter or transcriptionist hired by the requesting party to transcribe the compact disc or VHS tape. The Designation shall not direct the court recorder, contractual videographer, Court Administration, or the DCR Office to transcribe the proceedings.
In order to comply with appellate time standards, it is suggested that the Designation to Court Reporter not be sent until the Appellant/Appellee has received and verified the contents of the compact disc which contains the record under review.
(Footnote omitted.)
It should be emphasized that Regional Counsel is willing to reimburse the Digital Recording Office for the cost of this transcript. It maintains, however, that it is ethically inappropriate for it to retain the court reporter to create the transcript. We disagree. In many civil divisions, it has long been the practice for one party to retain the court reporter for use in the trial court and, if necessary, to further retain that court reporter to prepare the transcript. Although standards for court reporters have never been successfully mandated, as required by section 25.383, Florida Statutes (2007),[1] we are confident that Regional Counsel can retain the services of an independent court reporter who can provide this court with a transcript.
Accordingly, we order Regional Counsel to forthwith make arrangements to retain a court reporter and pay for a transcript in this appeal. These steps shall be taken in a manner that expedites the preparation of the transcript. Regional Counsel shall file a status report demonstrating compliance with this order within ten days from the date of this order.
We note that, by virtue of this order, Regional Counsel is not a volunteer in providing the transcript under these circumstances. If Regional Counsel wishes to challenge the legality of the new administrative order in an action for declaratory relief or to take other steps to resolve its disagreement with the Twelfth Judicial Circuit Digital Recording Office, it is free to take those steps. This court does not intend to allow this disagreement to further delay the parties’ appeal.
STRINGER and SILBERMAN, JJ., Concur.

. The Florida Rules of Court contain a section for rules associated with the Certification and Regulation of Court Reporters that provides an explanation for the omitted rules. As reflected in that explanation, the rules were adopted and held in abeyance in 1999. They were held in abeyance due to unresolved issues over the method to enforce the fund compliance with the proposed rules. Those issues have never been resolved.